# IN THE COURT OF APPEALS OF IOWA

No. 21-0709
Filed September 21, 2022

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**ADAM JAY DRIESEN,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for O'Brien County, Ann M. Gales, District Associate Judge.

Adam Driesen appeals the denial of his motion to suppress, arguing the evidence was collected as a result of an illegal search and seizure in violation of the United States Constitution and Iowa Constitution. **AFFIRMED.**

David R. Johnson of The Johnson Law Firm P.L.C., Eagle Grove, for appellant.

Thomas J. Miller, Attorney General, and Tyler Buller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Tabor, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**VAITHESWARAN, Presiding Judge.**

A Sheldon police officer saw a truck leave a bar and go through an intersection at what appeared to be a high rate of speed. He followed the vehicle and watched it drift into the other lane. The vehicle also made an improper stop.

The officer turned on his overhead flashing lights, bringing the vehicle to a stop. He identified the driver as Adam Driesen and noticed he "had bloodshot watery eyes." He also noticed "a faint odor of an alcoholic beverage" coming from the vehicle. The officer administered field sobriety tests, which disclosed "enough clues" to warrant a Datamaster breath test at the police station. Before being transported to the station, Driesen agreed to a preliminary breath test, which disclosed an alcohol concentration well over the legal limit of .08. The Datamaster test provided a result of .112.

The State charged Driesen with operating a motor vehicle while intoxicated, second offense. Driesen moved to suppress the test results. The district court denied the motion following an evidentiary hearing. The case proceeded to a nonjury trial on a stipulated record. The court found Driesen guilty.

On appeal, Driesen argues (1) the officer's "illegal pursuit of [his] pickup truck constituted a search" and (2) the officer's stop of his vehicle constituted an unreasonable seizure, both in violation of the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution. "When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." *State v. Brown*, 930 N.W.2d 840, 844 (Iowa 2019).

We begin with the question of whether the officer's pursuit amounted to a search. Driesen specifically argues the officer's claimed "violat[ion] of approximately eight traffic laws when he circled several blocks in the City of Sheldon in a dangerous manner to 'cut off' or get directly behind [his] vehicle" rendered the pursuit a search within the meaning of the constitutional provisions— and an unreasonable one at that—requiring suppression of the test results. Driesen cites no authority for what the district court characterized as his "novel legal theory." And he does not address the crux of the constitutional claim— whether he had an expectation of privacy in traveling the streets of Sheldon without being observed. *See United States v. Knotts*, 460 U.S. 276, 281–82 (1983) ("A car has little capacity for escaping public scrutiny. It travels public thoroughfares where both its occupants and its contents are in plain view. . . . [N]o . . . expectation of privacy extended to the visual observation of [an] automobile arriving on his premises after leaving a public highway." (citations omitted)); *cf. Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018) ("[W]e hold that an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through [cell site location information]. The location information obtained from [the defendant's] wireless carriers was the product of a search."). As the district court stated:

> [T]he roads traveled by [the officer] and Driesen that night are public passageways. All licensed drivers, including police officers, have a right to travel on those roads. Driesen would have only a limited expectation of privacy while driving down the road. He certainly had the right to not be stopped and detained without probable cause or reasonable suspicion. But he was subject to having his vehicle observed by other motorists on the roadway, including officers.

The court concluded the officer's "conduct was not of constitutional magnitude and did not violate any of Driesen's privacy interests protected under the Fourth Amendment and article I, section 8."

In reaching that conclusion, the court cited *Westra v. Iowa Department of Transportation*, 929 N.W.2d 754 (Iowa 2019). There, the court found a department of transportation (DOT) officer lacked authority to stop a defendant. *Westra*, 929 N.W.2d at 758. Addressing the question of whether the evidence should be suppressed in light of the statutory violation, the court stated:

> We are not persuaded that a stop by a DOT enforcement officer in excess of his statutory enforcement authority, but based upon reasonable suspicion and probable cause, amounts to a constitutional violation. A *constitutional* violation does not occur every time a peace officer simply fails to adhere to a *statute.*

*Id.* at 765.

Driesen attempts to distinguish *Westra* on the ground that the magnitude of the officer's claimed statutory violations in this case exceeded the scope of the DOT officer's violation. But, like the defendant in *Westra*, Driesen "has not explained" how a statutory violation "would trigger a constitutional right to have evidence suppressed." *See id.* at 763. And he does not confront the supreme court's refusal to find a basis for suppression under the Iowa Constitution.

Driesen suggests, however, that *State v. Wright*, 961 N.W.2d 396 (Iowa 2021), decided after the suppression ruling was filed, augurs in favor of requiring suppression under the State Constitution. Driesen concedes the opinion "is not factually on point" but argues the reasoning and analysis should be applied here. In *Wright*, the court held "a warrantless search of a citizen's trash left out for collection is unlawful." 961 N.W.2d at 419. The court also stated "the expectation-

of-privacy test is relevant only to the question of whether a seizure or search was unreasonable within the meaning of article I, section 8 and not whether a seizure or search has occurred." *Id.* at 414. The decisive criterion was "a physical trespass on [the defendant's] papers and effects." *Id.* at 417. No trespass is implicated in this case. Without an illegal infringement on property rights, we are hard-pressed to discern how that officer's conduct would inform our analysis of this officer's claimed traffic violations. *Cf. State v. Wilson*, 968 N.W.2d 903, 913 (Iowa 2022) (stating the physical trespass notion "fits comfortably with the declaration of the Supreme Court in *Kyllo v. United States* that an invasion of even an inch in the home is a constitutional violation" and stating, "In the alternative, we also have recognized that a defendant may establish a legitimate expectation of privacy in the premises searched"). *Wright* is inapposite.

In the absence of supporting authority for Driesen's theory or any argument as to whether he had an expectation of privacy in not being observed on public roadways, Driesen cannot succeed on his claim that the officer's act of following him amounted to a constitutional search.

We turn to Driesen's assertion that the officer subjected him to an unreasonable "seizure" when he stopped the vehicle and temporarily detained him. Driesen does not advocate for different interpretations under the federal and state constitutions. Accordingly, we will apply the same analysis. *See State v. Tyler*, 830 N.W.2d 288, 291–92 (Iowa 2013) ("Where a party raises both state and federal constitutional claims but does not argue that a standard independent of the federal approach should be employed under the state constitution, we ordinarily apply the

substantive federal standards but reserve the right to apply the standard in a fashion different from federal precedent.").

"A traffic stop is unquestionably a seizure under the Fourth Amendment." *Id.* at 292. The Sheldon officer executed a traffic stop when he activated his overhead lights. Driesen does not argue otherwise. As for Driesen's contention that the officer's claimed traffic violations affected the reasonableness of the seizure, the supreme court has stated specified pre-seizure conduct does "not implicate the fourth amendment." *See State v. Harlan*, 301 N.W.2d 717, 720 (Iowa 1981).

Driesen also does not take issue with the district court's determination that the officer had probable cause to stop his vehicle. Indeed, he concedes "[he] turned onto 6th Street and drifted over into the other lane." As the district court determined, the traffic violation afforded the officer probable cause to stop the vehicle.

In sum, we conclude the officer's conduct before the vehicle stop was not a search for constitutional purposes; the officer seized the vehicle; and the officer had probable cause to support the warrantless seizure of the vehicle. Accordingly, the district court appropriately denied Driesen's motion to suppress the test results. We affirm the suppression ruling and Driesen's conviction, judgment, and sentence for operating a motor vehicle while intoxicated, second offense.

**AFFIRMED.**

Tabor, J., concurs; Blane, S.J., concurs specially.

**BLANE, Senior Judge** (concurring specially)

I concur in the thorough opinion, but feel a need to specially concur. As the district court recognized, and this court's affirming opinion reiterates, Driesen's argument is certainly "novel." So much so that I find the legal argument lacking in logic and legal authority and would affirm without opinion pursuant to Iowa Rule of Appellate Procedure 6.1203(a).